## Hood, Bonbright & Co.
### v.
## Benoni S. Green.

*Practice—Supplementary Bill—Filing of.*

1.  A party proceeding to a decree upon an original bill, after a discovery of the facts upon which a new claim is founded, will not be permitted afterward to file a supplemental bill, in the nature of a bill of review founded on such facts.

2.  If such facts are unknown at the time of filing the original bill, they should be brought into the case as soon as practicable after the discovery thereof, either by amending the original bill if they existed at the time the original bill was filed, or by supplemental bill, if such new matter arose afterward.

### [Opinion filed September 20, 1890.]

In error to the Circuit Court of McLean County; the Hon. A. Sample, Judge, presiding.

Messrs. John E. Pollock, J. P. Lindley and Edward Barry, for plaintiffs in error.

Messrs. Kerrick, Lucas & Spencer, for defendant in error.

Conger, P. J.   The bill in this case was a supplemental one, to an original bill filed by plaintiffs in error to the September term, 1887, of the McLean Circuit Court.   To this supplemental bill a demurrer was filed in the court below, sustained, and the bill dismissed, and it is the decision of the Circuit Court in dismissing the supplemental bill, which is called in question by this writ of error.

The following statement taken from the argument of counsel for plaintiff in error will sufficiently show the facts upon which reliance is placed by them:

"Benoni S. Green, Frank D. Marquis and Harry N. Woods were doing business as a limited partnership, under the name

of Harry N. Woods, who was the general partner, Green and Marquis being the special partners. In August, 1887, the firm was insolvent, and several judgments by confession were taken. Hood, Bonbright & Co. et al. filed their original bill for an injunction and a receiver to protect the partnership property as a trust fund, and to prevent the enforcement of attempted preferences. The application was granted and the receiver was given possession of the property. In that bill it was not attempted to hold the special partners liable as general partners. On final hearing a decree was entered, the property sold, and a distribution of the assets by the receiver under order of court, the attempted preferences having been declared void. The assets of the partnership were not sufficient to pay the creditors in full. On the trial it appeared that the affidavit made and filed for record at the time of organizing the limited partnership was false. After the assets were exhausted the plaintiffs in error filed their supplemental bill in said cause, setting up the former proceedings and alleging that the affidavit was false, that by reason thereof the special partners were liable as general partners, and praying that they be decreed to pay the creditors the balance remaining unpaid on the indebtedness of the partnership. A demurrer was interposed, sustained, and the supplemental bill dismissed.

"The gravamen of the supplemental bill, to which the demurrer was sustained in this proceeding, is that the certificate of limited partnership and the affidavit thereto, to the effect that $6,000 in money was paid into the common stock, is false, and that by reason thereof, the special partners became liable as general partners."

No reason is given in the supplemental bill why the facts relied upon to sustain it were not put in the original bill by amendment, but it appears from the foregoing statement of counsel, that it appeared on the trial upon the original bill, that the affidavit was false. If the falsity of this affidavit was unknown to plaintiffs in error at the time of filing their original bill, it was their duty as soon as practicable after discovering it, to bring it into the case, either by amending the

original bill, if it existed at the time such original bill was filed, or by a supplemental bill if such new matter arose afterward.    Story's Eq. Pl., Sec. 423, says:

" If, therefore, the party proceeds to a decree, after a discovery of the facts upon which the new claim is founded, he will not be permitted afterward to file a supplemental bill, in the nature of a bill of review founded on these facts; for it was his own *laches* not to have brought them forward at an earlier stage of the cause."

It was not error in the Circuit Court to dismiss the bill, and the decree will be affirmed.

*Decree affirmed.*